UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 1:22-cr-00168-KJM-1 |
| Plaintiff, | ORDER |
| v. | |
| Roy W. Patterson, | |
| Defendant. | |

On May 31, 2024, this court directed the parties to file supplemental briefs discussing whether the appeal before the court is now moot in light of defendant Roy W. Patterson's release from custody. Prior Order, ECF No. 29. Defendant's counsel has been unable to contact Mr. Patterson in order to receive consent to withdraw the appeal. *See* Def.'s Suppl. Br. at 1, ECF No. 30; Decl. of Griffin Estes ¶ 2, ECF No. 30. However, counsel notes "[t]he appeal appears to be moot as Mr. Patterson, Jr. has finished serving his term of incarceration and is not subject to any terms of probation." Def.'s Suppl. Br. at 1–2. The United States also believes the appeal is moot. Pl.'s Suppl. Br., ECF No. 31.

Once a defendant completes his sentence, the defendant cannot maintain a suit challenging his conviction unless "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction" exits. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Because Mr. Patterson has completed his sentence and is not

subject to any terms of probation or supervised release, the court finds the appeal is now moot. *See United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999) ("[Defendant] has no standing to challenge his completed sentence[.]"); *cf. United States v. Verdin*, 243 F.3d 1174, 1177–78 (9th Cir. 2001) (appeal not moot because defendant had not completed his entire sentence, which included supervised release).  The appeal of the magistrate judge's sentence, ECF No. 11, is thus **dismissed** as moot.

    IT IS SO ORDERED.

DATED: June 11, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE